UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**MAKAYLA READ**, an individual,

Plaintiff,

v.

**CONNECTIONS CONSULTANT SERVICES, LLC,** a Michigan Limited Liability Company, and **JACLYN YARED**, an individual, jointly and severally,

Defendants.
_____/

Hon.
Case No.

**AVANTI LAW GROUP, PLLC**
Robert Anthony Alvarez (P66954)
Agustin Henriquez (P79589)
Attorneys for Plaintiff
600 28th St. SW
Wyoming, MI 49509
(616) 257-6807
ralvarez@avantilaw.com
ahenriquez@avantilaw.com
_____/

**PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND**

NOW COMES Plaintiff, by and through her attorneys at the Avanti Law Group, PLLC, and in her Original Complaint states as follows:

1. This is a civil action brought on behalf of Plaintiff to recover for Defendants' willful and knowing violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. §201 *et seq*., the Michigan Workforce Opportunity Wage Act ("MWOWA"), M.C.L. §408.411 *et seq*. and the Improved Workforce Opportunity Wage Act ("IWOWA"), M.C.L. §408.931 *et seq*., as well as their breach of their employment contract with Plaintiff.

1

2. During the period of the parties' employment relationship, Defendants failed to pay Plaintiff the minimum wage for all hours worked.

3. During the period of the parties' employment relationship, Defendants failed to pay Plaintiff overtime at the rate of one and one-half times her regular rate for hours worked in excess of forty (40) hours during a workweek.

4. On more than one occasion during the parties' employment relationship, Defendants failed to properly compensate Plaintiff in timely manner.

5. Defendants terminated Plaintiff in violation of the parties' Employment Contract.

6. Defendants did not compensate Plaintiff's hourly rate of $35 per billable hour for every hour as stipulated in the parties' Employment Contract.

7. Plaintiff seeks a declaration that her rights were violated, an award of unpaid minimum and overtime wages, an award of liquidated damages, damages as a result of the breach of contract, and an award of attorney's fees and costs.

### JURISDICTION AND VENUE

8. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

9. This Court has supplemental jurisdiction over the state law claims asserted herein pursuant to 28 U.S.C. § 1391.

10. Supplemental jurisdiction is appropriate because Plaintiff's state law claims share a common nucleus of operative fact with Plaintiff's federal claim and the claims are most efficiently resolved together in one court.

11. Employees of Defendant Connections Consultant Services, LLC ("CCS") were either (1) engaged in commerce; or (2) engaged in the production of goods for commerce; or (3) employed in an enterprise engaged in commerce or in the production of goods.

12. Plaintiff was engaged in commerce either through 1) work related to the actual movement of commerce; 2) work that regularly uses the channels of commerce; or 3) work related to the instrumentalities of commerce.

13. Defendant CCS's annual sales exceed $500,000.

14. Defendant CCS employs more than two persons.

15. Defendant Jaclyn Yared ("Yared") employs more than two persons.

16. Defendant CCS is and was at all times relevant incorporated in the State of Michigan and has its principal place of business located in Grand Rapids, Michigan, within the United States Judicial District of the Western District of Michigan.

17. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the actions and omissions giving rise to the claims pled in this Complaint occurred in this District.

**PARTIES**

18. Plaintiff Makayla Read is an individual who at all times relevant to this complaint resided in the County of Kent, state of Michigan.

19. Plaintiff worked for Defendants from approximately December 28, 2018, to April 17, 2019.

20. Plaintiff executed a consent to sue form, attached hereto as *Exhibit A*.

21. Defendant Connections Consultant Services, LLC, also known as Transitions Rehabilitation Services, is a Michigan limited liability company whose registered office is located at P.O. Box 1057, Ada, MI 49301. *Exhibit B*.

22. Defendant CCS is a company that offers vocational and recreational rehabilitation services related to traumatic brain injuries.

23. Defendant Jaclyn Yared ("Yared") is an individual who at all times relevant to this complaint was the owner and resident agent of Defendant CCS.

24. Defendant Yared at all relevant times to this complaint was Plaintiff's direct supervisor.

25. Defendant Yared at all relevant times to this complaint set Plaintiff's schedule, directed Plaintiff's activities at work, and was responsible for compensating Plaintiff.

26. Defendants employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

## GENERAL ALLEGATIONS

27. Plaintiff worked for Defendants from approximately December 29, 2018, to April 17, 2019.

28. Plaintiff was hired by Defendant Yared.

29. Defendant Yared set Plaintiff's rate of compensation.

30. Defendant Yared directed Plaintiff's work for Defendants.

31. Plaitniff's work was directed by Defendant Yared.

32. Defendant Yared informed Plaintiff which clients she was to be responsible for and which services she was to provide to each client.

33. Defendant Yared provided instruction to Plaintiff regarding how to complete tasks such as writing case notes, work-search logs, and progress reports.

34. Plaintiff and Defendants entered into an employment contract ("Contract"). *Exhibit C, Contract.*

35. The Contract contained a clause stating that Plaintiff would be compensated in the amount of $35.00 per billable hour. In the event of termination, Plaintiff will be entitled to payment for billable hours prior to termination. *Id.* ¶ 3.

36. The Contract contained a clause in which Defendants agreed to "reimburse Makayla Read for the following "out-of-pocket" expenses[,]" which included (1) travel expenses outside of car allowance; (2) meals not including alcoholic beverages when entertaining clients or case manager; (3) mail postage; (4) approved professional dues and expenses; (5) cost of job-related education successfully completed with a "C" grade or better; and (6) car allowance of $400 to be paid biweekly. *Id.* ¶ 4.

37. The Contract contained a clause stating thatPlaintiff and Defendants are entitled to ten (10) days notice if either decides to terminate Plaintiff's employment with Defendants. *Id.* ¶ 8

38. Plaintiff worked as a Vocational Therapist for Defendants for the duration of her employment.

39. Plaintiff was employed to provide vocational therapy, community, and work reintegration services.

40. Plaintiff was to be compensated on a bimonthly basis.

41. Plaintiff was to be reimbursed for "out-of-pocket" expenses on a bimonthly basis.

42. Plaintiff was to be compensated a car allowance in the amount of $400.00 on a biweekly basis.

43. Plaintiff's hours varied per workweek.

44. At times, Plaintiff's compensation for hours worked, reimbursement for out of pocket expenses, and compensation for her car allowance, were split into multiple separate payments, paid over the course of multiple days.

45. At times, Plaintiff was not compensated for hours worked in a timely manner.

46. At times, Plaintiff was not reimbursed for out-of-pocket expenses in a timely manner.

47. At times, Plaintiff was not compensated for her car allowance in a timely manner.

48. At times, Plaintiff was not compensated at all for all hours worked per workweek.

49. At times, Plaintiff was not reimbursed at all for all out-of-pocket expenses.

50. At times, Plaintiff was not compensated at all for her car allowance.

51. Plaintiff was not compensated at a rate no less than time and one half her regular hourly rate for hours worked over forty (40) in a workweek.

52. During her employment, Plaintiff worked for all Defendants.

53. Defendants did not compensate Plaintiff for all hours worked as required by the FLSA.

54. Defendants did not compensate Plaintiff for all hours worked as required by the MWOWA.

55. Defendants did not compensate Plaintiff for all hours worked as required by the IWOWA.

56. Defendants did not compensate Plaintiff at a rate of one and one-half times her regular hourly rate for all hours worked over forty (40) hours per week as required by the FLSA.

57. Defendants did not compensate Plaintiff at a rate of one and one-half times her regular hourly rate for all hours worked over forty (40) hours per week as required by the MWOWA.

58. Defendants did not compensate Plaintiff at a rate of one and one-half times her regular hourly rate for all hours worked over forty (40) hours per week as required by the IWOWA.

## BREACH OF CONTRACT

59. On December 29, 2018, Plaintiff entered into an Employment Contract ("Contract") with Defendants. *Exhibit C*.

60. Paragraph 3 of the Contract states, in relevant part, "[a]s compensation for the services provided by Makayla Read under this Contract, Jaclyn Yared will pay Makayla an hourly rate of $35 per billable hour including travel. Upon termination of this Contract, payments under this paragraph shall cease; provided, however, that Makayla shall be entitled to payments for periods or partial periods that occurred prior to the date of termination and for which Makayla Read has not yet been paid…"

61. Paragraph 4 of the Contract states, in relevant part, "Jaclyn Yared will reimburse Makayla Read for the following "out-of-pocket" expenses in accordance with Jaclyn Yared policies in effect from time to time: (1) travel expenses outside of car allowance (2) meals, excluding alcoholic beverages when with client or case manager (3) postage (4) approved professional dues and expenses (5) cost of job-related education successfully completed with a grade of "C" or better (6) car allowance. (schedule A) $400 bi weekly."

62. Paragraph 8 of the Contract states, in relevant part, "[t]his Contract may be terminated by Jaclyn Yared upon 10 days written notice, and by Makayla Read upon 10 days written notice."

63. Plaintiff was not compensated at the stipulated rate of $35.00 per billable hour at all times during her employment.

64. Plaintiff was not reimbursed for the specified out-of-pocket expenses incurred during the course of her employment with Defendants that Defendants contractually agreed to reimburse.

65. Defendants breached the Contract by not reimbursing Plaintiff for all out-of-pocket expenses stipulated in Paragraph 4 of the Contract for the duration of Plaintiff's employment.

66. Defendants breached the Contract by not compensating Plaintiff her stipulated rate of $35.00 per billable hour for the duration of her employment.

67. Plaintiff was terminated on April 17, 2019.

68. Plaintiff was terminated without the requisite 10 days written notice as stipulated in the Contract.

69. Defendants breached the Contract by not providing 10 days written notice to Plaintiff before terminating her employment.

## **WILLFUL VIOLATIONS OF THE FLSA**

70. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the mandated minimum wage rate for all hours

worked, when Defendants knew or should have known such was due and that non-payment of wages would financially injure Plaintiff.

71. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory overtime rate of one and one-half times her regular rate for all hours worked in excess of forty (40) hours per week, when Defendants knew or should have known such was due and that non-payment of overtime wages would financially injure Plaintiff.

72. Defendants are a sophisticated business and individual with the knowledge and expertise to know that the payment structure of Plaintiff was and is impermissible under the FLSA.

73. Plaintiff requested proper payment for her minimum wages owed and was never properly compensated for such hours.

74. Defendant Yared utilized Defendant CCS to subvert her obligations under state and federal law.

75. The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to her unpaid minimum and overtime wages plus an additional equal amount in liquidated damages, costs, and reasonable attorney's fee.

**COUNT I**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §201 et seq.,**
**FAILURE TO PAY STATUTORY MINIMUM WAGE**

76. Plaintiff hereby incorporates by reference all previous paragraphs as if fully stated herein.

77. At all relevant times to this action, Defendants have been "employer[s]" within the meaning of the FLSA, 29 U.S.C. § 203.

78. At all relevant times to this action, Plaintiff was an "employee[s]" of Defendants as the term is defined under the FLSA.

79. At all times relevant to this action, Defendants "suffered or permitted" Plaintiff to work and thus "employed" Plaintiff within the meaning of the FLSA, 29 U.S.C. §203(g).

80. The FLSA requires an employer to pay employees the federally mandated minimum wage for all hours worked, 29 U.S.C. § 206-207.

81. Defendants have failed to pay Plaintiff for all hours worked.

82. As a result of the violation, Plaintiff is entitled to her unpaid outstanding and minimum wages plus an additional equal amount in liquidated statutory damages along with costs and reasonable attorney fees.

## COUNT II
## VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §201 et seq., FAILURE TO PAY OVERTIME

83. Plaintiff hereby incorporates by reference all previous paragraphs as if fully stated herein.

84. At all relevant times, Defendants have been "employer[s]" within the meaning of the FLSA, 29 U.S.C. § 203.

85. At all relevant times, Plaintiff was an "employee[s]" of Defendants as the term is defined under the FLSA.

86. At all times relevant to this action, Defendants "suffered or permitted" Plaintiff to work and thus "employed" Plaintiff within the meaning of the FLSA, 29 U.S.C. §203(g).

87. The FLSA requires an employer to pay employees the federally mandated minimum wage as well as an overtime premium rate of one and one-half times their regular rate of pay for every hour worked in excess of forty (40) hours per workweek, 29 U.S.C. §206.

88. By failing to compensate Plaintiff at a rate not less than one and one-half times her regular rate of pay for work performed in excess of forty (40) hours in a workweek, Defendants violated the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. § 206(a)(1), § 207(a)(1) and § 215(a).

89. Plaintiff was not paid at the rate of one and one-half times her regular rate of pay for hours worked in excess of forty (40) hours in a workweek.

90. Defendants' violations of the FLSA were knowing and willful.

91. The FLSA, 29 U.S.C. §216(b), provides that as a remedy for a violation of the FLSA an employee is entitled to her unpaid overtime wages plus an additional equal amount in liquidated damages, costs, and reasonable attorney's fee.

92. As a result of Defendants' violation, Plaintiff is entitled to her unpaid overtime wages plus an additional equal amount in liquidated statutory damages along with costs and reasonable attorney fees.

**COUNT III**
**VIOLATION OF MICHIGAN'S WORKFORCE OPPORTUNITY WAGE ACT, M.C.L. § 408.411 et seq., AND IMPROVED WORKFORCE OPPORTUNITY WAGE ACT, M.C.L. §408.931 *et seq.*,**
**FAILURE TO PAY MINIMUM WAGE**

93. Plaintiff hereby incorporates by reference all previous paragraphs as if fully stated herein.

94. The Michigan's Workforce Opportunity Wage Act ("MWOWA"), makes it unlawful for an employer to pay an employee less than what is prescribed in the statute. M.C.L. § 408.411, et seq.

95. The Improved Workforce Opportunity Wage Act ("IWOWA"), makes it unlawful for an employer to pay an employee less than what is prescribed in the statute. M.C.L. § 408.931, et seq.

96. At all relevant times, Defendants have been "employer[s]" within the meaning of the MWOWA, M.C.L. § 408.411, et seq.

97. At all relevant times, Defendants have been "employer[s]" within the meaning of the IWOWA, M.C.L. § 408.931, et seq.

98. At all relevant times, Plaintiff was an "employee" within the meaning of the MWOWA, M.C.L. § 408.411, et seq.

99. At all relevant times, Plaintiff was an "employee" within the meaning of the IWOWA, M.C.L. § 408.931, et seq.

100. The MWOWA requires an employer to pay employees the state mandated minimum wage for every hour worked in a work week. M.C.L. § 408.414.

101. The IWOWA requires an employer to pay employees the state mandated minimum wage for every hour worked in a work week. M.C.L. § 408.931

102. By failing to compensate Plaintiff at the state mandated minimum wage for hours worked, Defendants have violated the MWOWA, M.C.L. § 408.411, et seq.

103. By failing to compensate Plaintiff at the state mandated minimum wage for hours worked, Defendants have violated the IWOWA, M.C.L. § 408.931, et seq.

104. As a result of Defendants' violations, Plaintiff is entitled to her unpaid outstanding and minimum wages plus an additional equal amount in liquidated statutory damages along with costs and reasonable attorney fees.

**COUNT IV**

## **BREACH OF CONTRACT**

105. Plaintiff hereby incorporates by reference all previous paragraphs as if fully stated herein.

106. Defendants and Plaintiff were both of sound mind and competent to enter into a contract.

107. The parties entered into an agreement whereby Plaintiff would be guaranteed an hourly rate of $35.00 per billable hour for all hours worked for Defendants.

108. The parties entered into an agreement whereby Plaintiff would be reimbursed for out-of-pocket expenses.

109. The parties entered into an agreement whereby Plaintiff would be compensated a biweekly car allowance.

110. Termination did not sever the agreement to be paid for outstanding billable hours worked while Plaintiff was employed by Defendants.

111. Per the agreement, Plaintiff was guaranteed a 10 day notice prior to termination.

112. Defendants breached Paragraph 3 of the Contract when they failed to properly compensate Plaintiff's billable hourly rate of $35.00 for all hours worked prior to termination.

113. Defendants breached Paragraph 4 of the Contract when they failed to properly reimburse Plaintiff for incurred out-of-pocket expenses as stipulated in Paragraph 4.

114. Defendants breached Paragraph 4 of the Contract when they failed to properly compensate Plaintiffs biweekly car allowance.

115. Defendant breached Paragraph 8 of the Contract by terminating Plaintiff without the requisite 10 day notice.

116. As a result of Defendant's breaches, Plaintiff sustained damages in the form of lost wages and loss of benefits.

117. Plaintiff at all times upheld her duties under the Agreement.

118. Plaintiff is entitled to actual and foreseeable damages as a result of Defendant's breaches.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests the following relief:

A. The actions of the Defendants complained of herein be adjudicated, decreed, and declared a breach of their obligations under the FLSA;

B. The actions of the Defendants complained of herein be adjudicated, decreed, and declared a breach of their obligations under the MWOWA and IWOWA;

C. Defendants be ordered to pay Plaintiff her unpaid wages together with an equal amount in liquidated damages;

D. Defendants be ordered to pay Plaintiff's costs and reasonable attorney fees pursuant to the FLSA;

E. Defendants be ordered to pay Plaintiff's costs and reasonable attorney fees pursuant to the MWOWA and IWOWA;

F. Defendants be ordered to pay all other incidental and consequential damages which are a result of Defendant's breach of contract; and

G. The Court grants such other and further relief as the Court may deem just or equitable.

Dated: October 10, 2019                Respectfully Submitted,

_/s/   Robert Anthony Alvarez_                .
Robert Anthony Alvarez (P66954)
Attorney for Plaintiff
Avanti Law Group. PLLC

**REQUEST FOR TRIAL BY JURY**

NOW COMES Plaintiff, by and through her attorney, and hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Respectfully Submitted,

*/s/   Robert Anthony Alvarez            .*
Robert Anthony Alvarez (P66954)
Attorney for Plaintiff
Avanti Law Group. PLLC
600 28th Street SW
Wyoming, MI 49509
(616) 257-6807
ralvarez@avantilaw.com

## VERIFICATION

I declare under penalty of perjury that the statements outlined above in this Complaint are true and accurate to the best of my knowledge, information, and belief.

Date: 09/20/2019

Makayla Read